[No. 22755. Department Two. February 25, 1931.]

E. W. POE *et al., Respondents,* v. MABEL L. SMITH *et al., Appellants.*[1]

*Williams & Cornelius,* for appellants.

*L. H. Brown* and *McAulay & Freece,* for respondents.

FULLERTON, J.—On November 22, 1929, the respondents Poe recovered a judgment in the superior court of Yakima county against the appellant Albert L. Smith for the sum of $3,505.48. Smith was a married man, and the judgment was founded on a community obligation. The judgment creditors failed to find any property out of which the judgment could be satisfied, and on February 27, 1930, they instituted supplemental proceedings in the court in which the judgment was rendered, for the purpose of uncovering property which, it was conceived, had been concealed. The judgment creditors, in addition to the judgment debtor,

[1]Reported in 296 Pac. 139.

made parties to the proceeding Mabel L. Smith, the wife of the judgment debtor, and Smith and Smith, Inc., a corporation organized by the husband and wife.

After the defendant parties had appeared in the proceedings, the cause was transferred by stipulation to the superior court of Spokane county, and was heard in that court. After a somewhat extended hearing, in which the court inquired into the title to the property standing in the names of the several parties, it found that certain of it was subject to sale in satisfaction of the judgment, and, by a decree, made it available for that purpose. It is from this decree that the appeal before us is prosecuted.

The evidence introduced at the hearing tended to show that the appellants, Albert L. Smith and Mabel L. Smith, have been husband and wife for some twenty-three years. During that period, the husband has been engaged in the business of road and bridge building, principally under contracts entered into with the state and the different municipalities of the state. For the period prior to the year 1926, his business had been successful. Property of considerable value had been accumulated, consisting of real property, bonds, and other securities, and equipment, such as machinery, tools, and the like, necessary to be used in the construction work in which the husband is engaged.

The title to the real property and the securities stands in the name of the wife, and this property, the trial court adjudged to be her separate property. It found, however, that the equipment mentioned was the community property of the husband and wife, and subject to execution under the judgment of the respondents. Whether its judgment is right in this respect, is the sole question presented by the appeal.

The accumulation of the property began, of

course, at the time the husband commenced the business of contracting. Such of it as was then acquired, and such of it as was acquired prior to the year 1926, was, up to that year, unquestionably the community property of the husband and wife. In the year named, the husband and wife formed the corporation of Smith and Smith, Inc. It was formed with a capital stock of $15,000, divided into 1,500 shares of a par value of $10 each. Of these shares, the wife subscribed for 1,499, and the husband subscribed for one. They paid for the shares by transferring to the corporation, by bills of sale, the community property mentioned.

After the formation of the corporation, although it seems by its articles of incorporation to have intended to engage in the contracting business, it did not do so, and seems, indeed, never to have functioned as a corporation. The husband, after its incorporation, continued his business in the same manner he did before its organization. He took contracts in his own name, financed them in his own name, and used the equipment transferred to the corporation in the performance of the contracts. To obtain certain of these contracts, he was required to furnish bonds to insure the faithful performance of the work, and, in some of them, he was obliged to obtain financial assistance from banking institutions. To procure the bonds and financial assistance, the concerns to which he applied required him to make sworn statements of his assets and liabilities. In these statements, in some of which his wife joined, he invariably listed the property in question as his own property, making no mention of the corporation. These and other facts led the trial court to find:

". . . that such corporation was formed and conceived for the purpose of protecting the title to property standing in the name of said corporation against

creditors of defendant or liabilities that might be incurred by the defendant in contracting in defendant's own name; that neither the defendant nor the said Mabel L. Smith paid in to said corporation, as a subscription to any capital stock, any moneys; that, after the forming of such corporation, as before, all the earnings of defendant and his wife came solely from the defendant's business ability as a contractor, and that such corporation was formed and the stock so issued for the sole purpose of attempting to make all the assets of said corporation the separate property of Mabel L. Smith, and for no other purpose.''

The contracts entered into subsequent to the year 1926 by the appellant husband, seem not to have been so uniformly successful as they were prior to that time. The record offers no explanation for this, unless it be that he was subjected to keener competition, and was obliged to submit bids closer to the margin of safety than he was formerly required to do. The obligation which furnished the foundation for the judgment of the respondents was a loss sustained by the husband on one of such contracts. They were subcontractors of the appellants, and were not paid for the work they performed.

The appellants have made a somewhat extended argument in an effort to show that the trial court drew a wrong conclusion from the facts, but we do not feel that we need pursue the inquiry further. In our opinion, the decree of the trial court is equitable and just, and it will stand affirmed.

MITCHELL, HOLCOMB, BEALS, and MILLARD, JJ., concur.